# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jeanette Rick, et al.,** | Civil No. 08-1287 (ADM/JJG) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Wyeth, Inc., et al.,** | |
| Defendants. | |

| | |
|---|---|
| **Regina Cohen,** | Civil No. 08-1288 (ADM/JJG) |
| Plaintiff, | |
| v. | |
| **Wyeth, Inc., et al.,** | |
| Defendants. | |

| | |
|---|---|
| **Myrna Beer, et al.,** | Civil No. 08-1289 (ADM/JJG) |
| Plaintiffs, | |
| v. | |
| **Wyeth, Inc., et al.,** | |
| Defendants. | |

| | |
|---|---|
| **Rose O'Leary, et al.,** | Civil No. 08-1290 (ADM/JJG) |
| Plaintiffs, | |
| v. | |
| **Wyeth, Inc., et al.,** | |
| Defendants. | |

| | |
|---|---|
| **Elizabeth Ansley,** | **Civil No. 08-1302 (ADM/JJG)** |
| Plaintiff, | |
| v. | |
| **Wyeth, et al.,** | |
| Defendants. | |
| **Joyce Worthington,** | **Civil No. 08-1303 (ADM/JJG)** |
| Plaintiff, | |
| v. | |
| **Wyeth, et al.,** | |
| Defendants. | |
| **Judith Marshall,** | **Civil No. 08-2494 (ADM/JJG)** |
| Plaintiff, | |
| v. | |
| **Wyeth, et al.,** | |
| Defendants. | |
| **Ofelia Manuel, et al.,** | **Civil No. 08-2495 (ADM/JJG)** |
| Plaintiffs, | |
| v. | |
| **Wyeth, et al.,** | |
| Defendants. | |

**Sandra Rose, et al.,**　　　　　　　　　　　　　　　　　Civil No. 08-2506 (ADM/JJG)

　　　　Plaintiffs,

v.

**Wyeth, et al.,**

　　　　Defendants.

---

JEANNE J. GRAHAM, United States Magistrate Judge

　　　　These matters came to the attention of the undersigned on June 30, 2010 in connection with motions for summary judgment. The plaintiffs were represented by Kay Nord Hunt, Esq.; Tobias L. Millrood, Esq.; Stacy K. Hauer, Esq.; and Caia V. Johnson, Esq. Defendants Wyeth, Inc.; Wyeth Pharmaceuticals, Inc.; Pharmacia Corp.; Pharmacia & Upjohn Co.; Greenstone, Ltd.; and Pfizer, Inc., where party to the above-entitled matters (hereinafter the defendants), were represented by Lori B. Leskin, Esq.; and Edward F. Fox, Esq. These motions are duly referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636(b) and Local Rule 72.1(b).

　　　　On a motion for summary judgment, the moving party must establish that there are no issues of material fact and so it is entitled to judgment as a matter of law. *DG&G, Inc. v. Flexsol Packaging Corp.*, 576 F.3d 820, 823 (8th Cir. 2009). For the purposes of the current motions, the parties do not dispute any facts, and their arguments hinge on a single legal question, whether the plaintiffs' claims are precluded by the doctrine of res judicata. Because this question has the potential to fully decide the plaintiffs' claims, it is appropriately presented through a motion for summary judgment. *See, e.g., TeamBank, N.A. v. McClure*, 279 F.3d 614, 617 (8th Cir. 2002).

**A.     Background**

In these matters, the plaintiffs contend that when they consumed hormone replacement drugs manufactured and sold by the defendants, the drugs caused breast cancer. The plaintiffs originally commenced separate products liability actions in New York state district courts, which were subsequently consolidated into a single coordinated proceeding for the purposes of pretrial litigation. *In re New York Hormone Replacement Therapy Litigation*, No. 763000/06 (N.Y. Sup. Ct.).

The defendants then moved for summary judgment against the plaintiffs, arguing that the plaintiffs' claims were barred under various statutes of limitations. The plaintiffs simultaneously brought their own motion to discontinue without prejudice, equivalent to a motion for voluntary dismissal without prejudice under the federal rules.

The New York state district court decided the motions together in an order on November 30, 2009. It granted the defendants' motions for summary judgment, holding that the plaintiffs' claims were barred pursuant to the statutes of limitations. And it denied the plaintiffs' motions for discontinuance without prejudice. The parties have not contested that this order constituted a dismissal with prejudice.

In their motion for summary judgment before this Court, the defendants now argue that the November 30 order constituted an adjudication on the merits of the plaintiffs' claims, and so their current actions are precluded by res judicata.

**B.     Discussion**

   **1.     General Principles**

The parties agree, as does this Court, that when determining the preclusive effects of a prior state-court judgment, the law of that state governs. *See, e.g., Zutz v. Nelson*, 601 F.3d 842, 847

(8th Cir. 2010); *Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010). So New York law is applicable here.

Under the law of that state, if a cause of action is litigated to a valid final judgment on the merits, the doctrine of res judicata precludes further litigation between the parties on the same cause of action. *See, e.g., Landau v. LaRossa, Mitchell & Ross*, 892 N.E.2d 380, 383 (N.Y. 2008) (quotation omitted). When applying this doctrine, the phrase "cause of action" is defined to include all claims or remedies that arise out of the same transaction or series of transactions. *See, e.g., In re Hunter*, 827 N.E.2d 269, 274 (N.Y. 2005) (quoting *O'Brien v. City of Syracuse*, 429 N.E.2d 1158, 1159 (N.Y. 1981)).

The plaintiffs have not disputed whether their claims involve the same parties or arise out of the same cause of action. Their sole argument is that, because the prior state-court judgment was founded on the statute of limitations, it was not a final judgment on the merits and thus has no preclusive effect.

### 2. *Russell Sage*

Perhaps the most appropriate starting point for this question is the decision by the New York Court of Appeals in *Smith v. Russell Sage College*. 429 N.E.2d 746 (N.Y. 1981) (hereinafter *Russell Sage*). In prior proceedings, a state district court granted summary judgment, dismissing some claims under the statute of frauds and others under the statute of limitations. *Id.* at 747-48.

The *Russell Sage* court considered whether this ruling was a final judgment on the merits for purposes of res judicata. It observed that statutes of limitations, "though often denominated as procedural, in a practical sense may also be said to be substantive[.]" *Id.* at 750. The court then concluded,

> Suffice to say that a dismissal on these grounds [the statute of frauds and the statute of limitations] is at least sufficiently close to

5

> the merits for claim preclusion purposes to bar a second action, especially where the motion to dismiss the first action was treated as one for summary judgment on which the court considered submissions of the parties [beyond] the pleadings.

*Id.*

Because it characterized a judgment under the statute of limitations as one "sufficiently close" to the merits, the *Russell Sage* court arguably signaled some equivocation about whether a dismissal under the statute of limitations will necessarily be on the merits. But in ensuing case law, New York appellate courts consistently cite *Russell Sage* for the proposition that a dismissal under the statute of limitations is one on the merits for purposes of res judicata. *See, e.g., Sosa v. JP Morgan Chase Bank*, 822 N.Y.S.2d 122, 124 (N.Y. App. Div. 2006); *Palm Mgmt. Corp. v. Goldstein*, 815 N.Y.S.2d 670, 674 (N.Y. App. Div. 2006); *Ferranti v. New York City Prop'y Clerk's Office*, 773 N.Y.S.2d 876, 876 (N.Y. App. Div. 2004).

### 3. *Cloverleaf Realty*

Arguing that *Russell Sage* is no longer controlling authority, the plaintiffs cite the Second Circuit decision in *Cloverleaf Realty of New York, Inc. v. Town of Wawayanda*. 572 F.3d 93 (2d Cir. 2009). A New York state court had previously dismissed for failure to state a claim, ruling that the action was barred under the statute of limitations. Because a longer statute of limitations was available in federal court, the plaintiff refiled his action there. *Id.* at 94.

The *Cloverleaf* court opened its analysis with the proposition that, under a traditional res judicata rule, dismissal under the statute of limitations is not on the merits. *Id.* at 95. As the court suggested, this rule has found favor in federal law, including rulings by the U.S. Supreme Court. *Id.* (favorably quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 504

(2001)[1] and also citing 18A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* Jurisdiction § 4441 (2d ed. 2002)). The court thus turned its attention to whether New York followed this traditional rule. *Id.*

On this issue, the *Cloverleaf* court cited the decision of the New York Court of Appeals in *Tanges v. Heidelberg North America, Inc.* 710 N.E.2d 250 (N.Y. 1999). While considering a choice-of-law question, the *Tanges* court observed, "Statutes of Limitation are generally considered procedural because they are viewed as pertaining to the remedy rather than the right[.]" *Id.* at 253 (quotation omitted). Based on this observation, the *Cloverleaf* court reasoned,

> The dismissal of [the plaintiff's claim] for lack of timeliness thus merely barred its ability to obtain relief in the courts of New York. The underlying right remains intact, and a remedy remains available in the federal courts.

*Cloverleaf Realty of New York, Inc.*, 572 F.3d at 95. It accordingly ruled that, where a claim is dismissed on the pleadings under a statute of limitations, such dismissal is not on the merits and does not result in res judicata.

The *Cloverleaf* court then explained why *Russell Sage* was not controlling precedent. In part, it determined that *Russell Sage* had not directly addressed dismissals that were solely based on statutes of limitations:

> The initial dismissal in *Russell Sage* was not merely on statute of limitations grounds but also on statute of frauds grounds. The [New York] Court of Appeals appears to have concluded that the two grounds *taken together* leads to a conclusion that the prior dismissal was "sufficiently close to the merits" to give it claim-preclusive effect. We do not read this as a statement that a

---

[1] In *Semtek International*, the issue before the Court was the preclusive effect that should be given to federal judgments where jurisdiction is founded on diversity. For various reasons, the Court concluded that state law also should govern the preclusive effect of those judgments. 531 U.S. at 508-09. As the Court only reached this choice-of-law question, it did not examine the merits of the traditional rule.

7

> dismissal for lack of timeliness is, standing alone, a judgment "on the merits."

*Id.* (citations omitted) (emphasis in text). In light of this ambiguity, the court reasoned, *Russell Sage* was overruled by the unambiguous precedent in *Tanges*. *Id.*

The *Cloverleaf* court also distinguished *Russell Sage* in other respects. For instance, the *Cloverleaf* court observed that its prior judgment was one on the pleadings, whereas *Russell Sage* involved a prior summary judgment. *Id.* The *Cloverleaf* court further opined that, if different statutes of limitation apply in the previous forum and the current forum, the prior bar should not supersede a more permissive statute of limitations elsewhere:

> [T]he court in *Russell Sage* was not confronted by the situation we face: a dismissal for lack of timeliness by a court in another jurisdiction with a shorter statute of limitations. Since that decision did not confront the question of whether a claim originally dismissed as time-barred should be precluded when later reasserted in another jurisdiction with a longer statute of limitations, it should not be understood as having settled that question.

*Id.*

As the preceding discussion illustrates, *Cloverleaf* and *Russell Sage* essentially contradict one another. If *Russell Sage* controls, the defendants here arguably prevail; but if *Cloverleaf* is the operative precedent, then the plaintiffs arguably do.

### 4. Federal Decisions on State Law

To resolve this conflict, this Court thinks it proper to begin with principles of federalism, examining how and when federal courts render decision on matters of state law. On questions of state law, a federal court usually must apply the rulings from that state's highest court. *See, e.g., In re Western Iowa Limestone, Inc.*, 538 F.3d 858, 866 (8th Cir. 2008); *Hok Sport, Inc. v. FC Des Moines, L.C.*, 495 F.3d 927, 934-35 (8th Cir. 2007).

But if a state court has not ruled on a particular question, a federal court must determine how the state's highest court would rule, considering similar state-court decisions, appropriate dicta, and other reliable information. *See, e.g., Myers v. Lutsen Mountains Corp.*, 587 F.3d 891, 896 (8th Cir. 2009).

By comparison, where a state's highest court has decided a particular question, that ruling must be applied, unless there is persuasive reason to believe that the court would no longer do so. *See Smith v. Chemical Leaman Tank Lines, Inc.*, 285 F.3d 750, 755 (8th Cir. 2002) (stating that there must be "very persuasive grounds" showing that a state's highest court would not apply its preexisting rule) (quoting 19 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* Jurisdiction § 4507 (2d ed. 2001)); *Gilstrap v. Amtrak*, 998 F.2d 559, 562 (8th Cir. 1993) (ruling that a federal court must be "convinced by other persuasive data" that a state's highest court would reverse its prior decision) (quoting *In re Ryan*, 851 F.2d 502, 509 (1st Cir. 1988)).

This principle can be illustrated by the Eighth Circuit decision in *Gilstrap v. Amtrak*. 998 F.2d 559 (8th Cir. 1993). On a question of Washington law, the sole evident precedent was a decision the Washington Supreme Court had issued in 1912. *Id.* at 560-61. The *Gilstrap* court agreed that this decision did not reflect contemporary tort law, and given the opportunity, the Washington Supreme Court might overrule it. But there was no authority to the contrary, and lower courts continued to apply the 1912 decision. The *Gilstrap* court concluded that, because there was no persuasive indication that the Washington Supreme Court would overrule its prior decision, that decision must be given full effect. *Id.* at 561-62.

In accordance with the aforementioned principles, this Court must first consider whether *Russell Sage* is an operative precedent. Under this analysis, this Court does not reach the merits of either *Russell Sage* or *Cloverleaf*.

The initial question is whether the New York Court of Appeals, that state's highest court, has ruled on the question now before this Court: whether a summary judgment under the statute of limitations is a judgment on the merits for the purposes of res judicata.

In *Russell Sage*, the New York Court of Appeals considered claims that were litigated to summary judgment. Some claims were dismissed under the statute of frauds, while others were dismissed under the statute of limitations. *See Russell Sage*, 429 N.E.2d at 748. The New York Court of Appeals then considered the preclusive effects of this judgment.

Although the court did not always distinguish those claims that were decided under the state of frauds and those decided under the statute of limitations, the case plainly indicates that certain claims were dismissed solely under the statute of limitations. So the court did address whether summary judgment, under the statute of limitations, was a judgment on the merits for purposes of res judicata.

In light of this ruling, the inquiry accordingly becomes whether there is persuasive reason to believe that the New York Court of Appeals would not apply *Russell Sage*. Though that case might be deemed ambiguous, inferior New York courts have uniformly cited *Russell Sage* for the proposition that a dismissal pursuant to the statute of limitations is on the merits.[2]

---

[2] The plaintiffs rely on a countervailing decision from an intermediate appellate court, the Appellate Division of the New York Supreme Court, in *SafeCard Services, Inc. v. American Express Travel Related Servs. Co.* 610 N.Y.S.2d 23 (N.Y. App. Div. 1994). There the plaintiff brought action in a Florida state district court and, because of concern that the action there would be barred under that state's statute of limitations, the plaintiff filed the same claims in a New York state district court. Because of the concurrent proceedings, the defendant moved to dismiss in the New York action, where the court granted dismissal. The appellate division reversed,

*Russell Sage* also finds collateral support in other decisions from the New York Court of Appeals. For instance, in a decision that precedes *Russell Sage*, the court ruled,

> Where a plaintiff brings an action to enforce a claim and is barred from proceeding thereon because of a Statute of Limitations[ ] defense . . . the judicial decision is on the merits and plaintiff is precluded from thereafter maintaining another action to enforce the claim in the same State[.]

*DeCrosta v. A. Reynolds Const. & Supply Corp.*, 364 N.E.2d 1129, 1130 (N.Y. 1977) (favorably citing Restatement (First) of Judgments § 49 cmt. a (1942)).

And in a more contemporary decision, the court cited a state-law treatise, parenthetically noting that "a dismissal based on the statute of limitations . . . is a determination that the matter is irremediably flawed as a matter of law, [thus] it is equivalent to a determination on the merits for *res judicata* purposes." *Landau v. LaRossa, Mitchell & Ross*, 892 N.E.2d 380, 383 n. 3 (N.Y. 2008).

Contrary to what *Cloverleaf* suggests, this Court is not persuaded that *Tanges* represents a departure from *Russell Sage* and supporting authorities. *Tanges* is not a res judicata case, and so it did not examine, for purposes of res judicata, whether dismissal under the statute of limitations is on the merits. *Tanges* simply does not provide sufficient legal basis to disregard another New York Court of Appeals decision that is on point.

In *Russell Sage*, the New York Court of Appeals decided whether a summary judgment, on the basis of a statute of limitations, was on the merits for purposes of res judicata. There is no

---

concluding that the action should have been stayed pending an outcome in the Florida litigation. *Id.* at 23-24.

In support of this outcome, the *SafeCard Services* court stated, "[A] dismissal on statute of limitations grounds by another state would not, by itself, bar the bringing of an action in this state on res judicata grounds." *Id.* at 24. This dictum has yet to be adopted in any ensuing New York Case law. Nor did the court rule on the res judicata effects of New York judgments, which is the question before this Court. For these reasons, *SafeCard Services* does not influence the outcome here.

persuasive reason that the New York Court of Appeals would disregard that decision. For these reasons, this Court must comply with the ruling from New York's highest court, notwithstanding any federal decisions to the contrary. This Court accordingly concludes that *Russell Sage* is the operative precedent here.

### 5. Reconsidering *Cloverleaf Realty*

The preceding conclusion is founded on federalism. The concern is that, when questions of state law are presented in a federal court, state law must be faithfully applied. Assuming for the sake of argument that the conflict between *Russell Sage* and *Cloverleaf* cannot be resolved on principles of federalism, the question then becomes which case should be applied in the current litigation. The parties devote substantial argument to this issue.

*Cloverleaf* ruled that under New York law, when determining the preclusive effects of a judgment under the statute of limitations, the traditional rule applies. And this rule provides that a dismissal under a statute of limitations is not on the merits for purposes of res judicata. But the *Cloverleaf* court did not cite any New York case law that endorsed the traditional rule.

To support the proposition that a dismissal under the statute of limitations is not judgment on the merits, the *Cloverleaf* court ruled that statutes of limitations were procedural rather than substantive. This in turn was founded on *Tanges*, where the New York Court of Appeals ruled that "Statutes of Limitation are generally considered procedural[.]" 710 N.E.2d at 253.

As this Court observed earlier, *Tanges* is not a res judicata case, and so it is problematic to apply that case in the context of res judicata. With this caveat, *Cloverleaf* implicitly proposes that, to determine whether a judgment is on the merits for purposes of res judiciata, the underlying question is whether the rationale for the judgment was procedural or substantive.

This Court agrees that, when deciding whether a judgment is on the merits, it may well be material whether the rationale for the judgment was procedural or substantive. But there is no indication that New York courts, when determining the res judicata effects of their judgments, mechanically make such a distinction. To the contrary, New York courts suggest a more flexible approach. This is illustrated by *Russell Sage* itself; it observed that statutes of limitation may be deemed either procedural or substantive, and thus it did not premise its ruling on whether statutes of limitation fit into either category.[3]

The *Cloverleaf* court also distinguished *Russell Sage* as a case where the prior ruling was by summary judgment, rather than on the pleadings. Assuming for the sake of argument that this distinction is material, the current litigation also involves a prior summary judgment, like *Russell Sage*.

*Cloverleaf* further determined that, if a New York court dismisses a claim under its own statute of limitations, this ruling should not bind another forum with a more permissive statute of limitations.

---

[3] Because there is no need to categorize statutes of limitation as procedural or substantive in this context, this Court need not address the standard that *Cloverleaf* suggested to answer this question, whether the statute affects the remedy or the right. And this standard is problematic in other respects.

As discussed at the outset, under New York law, the doctrine of res judicata precludes further litigation between parties on the same cause of action. The phrase "cause of action," in turn, is defined to include all claims or remedies arising out of a transaction. *See, e.g., Landau v. LaRossa, Mitchell & Ross*, 892 N.E.2d 380, 383 (N.Y. 2008). This suggests that res judicata extinguishes both rights and remedies, rather than rights alone, and so the standard proposed by *Cloverleaf* arguably contradicts this principle.

Moreover, the distinction between rights and remedies may also reflect the archaic division between law and equity, which has increasingly limited applications in contemporary law. *See Hulbert v. Clark*, 28 N.E. 638, 639-40 (N.Y. 1891) (ruling that a statute of limitations barred the right to bring action at law to recover a debt, but did not prevent suit in equity for the remedy of foreclosure).

This contention was not supported with citation to New York case law. As previously mentioned, however, the preclusive effects of a state-court judgment are controlled by the law of the state that rendered the judgment. This comports with the Full Faith and Credit Clause, which requires state courts to respect valid judgments from other states, even though the laws of those states disagree with one another. *See, e.g., Durfee v. Duke*, 375 U.S. 106, 109-10 (1963); *see also Farmland Dairies v. Barber*, 478 N.E.2d 1314, 1317 (N.Y. 1985).

*Cloverleaf* suggests that, if a New York court grants judgment under that state's statute of limitations, and that judgment is deemed one on the merits, other states may disregard this ruling and apply their own law. But this result frustrates the Full Faith and Credit Clause, and it instead appears to relinquish some of the authority that New York courts have over their own judgments.

As the preceding discussion demonstrates, if it is necessary to decide between *Russell Sage* and *Cloverleaf*, there are several reasons the reasoning in *Russell Sage* is more persuasive. By comparison, *Cloverleaf* departs from established rules of res judicata under New York law, and it takes a problematic view of how New York judgments should be interpreted in other courts. This Court concludes that *Russell Sage* supplies a better rationale for decision.[4]

**C.    Conclusion**

The question presented here is whether, under New York law, a dismissal under the statute of limitations will preclude those claims in ensuing litigation. In accordance with *Russell Sage*, a decision of that state's highest court, a summary judgment under the statute of limitations is a judgment on the merits with preclusive effect. As a result, the prior New York judgment is res judicata, precluding the claims that the plaintiffs have commenced in this District. This Court accordingly recommends that the defendants' motions for summary judgment be granted. Being

---

[4]    As of the date of this report, New York state courts have not issued any published or slip opinions citing *Cloverleaf* for the propositions urged in this litigation.

14

advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The defendants' motions for summary judgment in the following matters be **GRANTED:**

    a. Doc. No. 32 in *Rick*, No. 08-1287;

    b. Doc. No. 27 in *Cohen*, No. 08-1288;

    c. Doc. No. 28 in *Beer*, No. 08-1289;

    d. Doc. No. 28 in *O'Leary*, No. 08-1290;

    e. Doc. No. 25 in *Ansley*, No. 08-1302;

    f. Doc. No. 25 in *Worthington*, No. 08-1303;

    g. Doc. No. 23 in *Marshall*, No. 08-2494;

    h. Doc. No. 23 in *Manuel*, No. 08-2495;

    i. Doc. No. 22 in *Rose*, No. 08-2506.

2. These matters be **DISMISSED** and judgment entered.

Dated this 21st day of July, 2010.                /s    *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **August 4, 2010.** A party may respond to the objections within fourteen days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.